### Thomas H. Dunham *vs.* David Barnes, Jr.

If, in an action to recover for a breach of warranty of three tons of paper stock, there is evidence to show that the plaintiff authorized the purchase of three or four tons, and that the defendant delivered seven tons into the plaintiff's store, and afterwards, upon the plaintiff's objecting to pay for the surplus, said to him, " I don't care whether you have it or not, as other parties are ready to purchase it," but finally warranted it to be of a certain quality, and thereby induced the plaintiff to agree to take and pay for it, at a reduced price, this evidence, if believed, is sufficient to authorize the jury to find a new contract between the parties as to the surplus, and a warranty of such surplus by the defendant.

The execution and delivery of a common receipted bill of parcels of goods, without a written warranty, will not prevent the purchaser from proving a warranty of them, by parol evidence.

CONTRACT brought to recover damages for a breach of warranty of three tons of canvas paper stock sold by the defendant to the plaintiff.

At the trial in the superior court, before *Lord*, J., the plaintiff testified that he authorized Robert Cowen to purchase for him of the defendant from three to four tons of No. 1 canvas paper stock at fourteen cents a pound; that Cowen made this purchase of the defendant, who delivered at the factory and storehouse of the plaintiff, at various times between the 9th and 19th of December 1862, paper stock to the amount, as it afterwards appeared, of 14,610 pounds, but the plaintiff was personally ignorant at that time of the amount delivered; that on or about the 18th of February 1863 the parties met for the purpose of settling their account; that the plaintiff then learned for the first time the amount delivered, and told the defendant that he had authorized Cowen to purchase from three to four tons only; that the defendant admitted this, and as to the excess of three tons said, " I don't care whether you have it or not, as other parties are ready to purchase it;" that the defendant then stated to the plaintiff that it was first class No. 1 canvas paper stock, that he had put it up himself, and knew what it was, and he would warrant it to be the very first class No. 1 stock, and thereupon the plaintiff agreed to take the balance of said stock, upon a reduction of one and one half cents per pound, and a settlement was then made and a receipt given upon a statement of the account, made out in the form of a bill of parcels.

The plaintiff also testified that he was not then in need of any such stock, and should not have taken it but for the representations made by the defendant as to its quality; that at the time he authorized Cowen to make such purchase the market value of No. 1 canvas paper stock was fourteen cents per pound, and at the time of said settlement, twelve and one half cents; and that the receipted statement of account, above referred to, was the only bill or written memorandum ever rendered except a mere memorandum of the weight of each load, sent with the loads as delivered, which memoranda of weights he said he had lost. The defendant contended that the receipted statement of account was the only evidence admissible to show what the contract was, and all the parol evidence as to the terms of the

contract, representations and warranty was admitted against the objection of the defendant.

There was nothing to show that any representation was made by the defendant to Cowen, at the time he made his contract, as to the quality of the article, or any warranty of the same.

Upon these facts, the judge, being of opinion that the sale was made to Cowen, and the delivery made under that contract, ruled that proof of a warranty at the time of the settlement, February 18th, would not support the declaration; whereupon a verdict was taken for the defendant, and the case reported to this court.

*D. Thaxter & F. Bartlett*, for the plaintiff.

*A. C. Clark* for the defendant.

BIGELOW, C. J.   The evidence well warranted the inference that a sale of three tons of canvas paper stock, distinct from and additional to that which was delivered and received under the contract previously made with Cowen as agent for the plaintiff, was entered into between the parties on or about the 18th of February 1863.   It was then ascertained that a larger amount of the article had been delivered at the plaintiff's factory than by the existing contract he had agreed to purchase.   What the rights of the respective parties might have been, if the defendant had then insisted that the plaintiff was bound to pay for the whole of the stock, having received the excess over the amount stipulated for by the contract into his possession, it is not necessary now to determine.   Such delivery and receipt of the merchandise might have rendered the plaintiff liable to pay the market value of it, if the parties had stood on their strict rights.   But it is clear from the evidence that neither of them intended to do so.   On the contrary, the plaintiff expressed dissatisfaction with the price charged for the stock, and an unwillingness to retain the excess above the quantity stipulated for in the contract; the defendant on his part did not insist that the plaintiff was bound to keep the excess, or that he had already received and bought it, and was liable for the price but offered to take it from the plaintiff's possession and sell it to other parties.   In this state of things, a new negotiation was

entered upon, which resulted in a sale and purchase of the three tons of stock, not included in the original bargain, at a material reduction from the price charged by the defendant for it, or which had been paid for similar stock under the previous contract. As part of this new negotiation, and as an essential element of the new bargain on the faith of which the plaintiff purchased the three tons of stock, the defendant made a warranty of the article, for a breach of which this action is brought. Such being the aspect of the transaction, we are of opinion that the parties did enter into a new contract of sale for the three tons of stock, as set out in the declaration, the defendant expressly waiving any right which he might have had growing out of the previous dealings between himself and the plaintiff in relation thereto ; that such new contract was valid and binding, of which a warranty of the quantity of the article sold might well form a part ; that such warranty was made on a sufficient consideration, and an action for a breach of it can be maintained.

The parol evidence was rightly admitted. There was no written contract between the parties. The account which was made out, and by which the parties adjusted the balance due from the plaintiff, was nothing more than a common bill of parcels and receipt for money, the existence of which does not operate to exclude verbal evidence of the agreement of parties. *Hazard* v. *Loring*, 10 Cush. 267. *New trial granted.*